Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
405 South Main Street, Suite 600
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**
**NORTHERN DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE: 21-23563** |
| JEFFERY HALES MORTENSEN | **CHAPTER 13** |
| **Debtor** | Hon. KEVIN R. ANDERSON |

**TRUSTEE'S CONTINUING OBJECTION TO CONFIRMATION**

The Standing Chapter 13 Trustee, hereby objects to confirmation based on the following unresolved issues:

   1. The payment advices required by § 521(a)(1)(B)(iv) show <u>more</u> income than is reported on Schedule I.

   2. It appears that the Debtor(s)' Current Monthly Income (as that term is defined by § 101(10A)) is greater than what is disclosed on Form 22C.  The Trustee requests the Debtor(s) provide the book end pay advices or evidence of income used to calculate the Form 22C.

3. Based upon the claimed value of the Timeshare on Schedule A/B, it appears the Chapter 13 plan does not comply with the best-interest-of-creditors test of § 1325(a)(4) in that it proposes to pay unsecured creditors less than they would receive under Chapter 7.  The Debtors have responded to the objection to the exemption, the Trustee requests 1) documentation of valuation of the timeshare; 2) evidence of all owners of the time share; 3) full timeshare contract to determine if the debtor has a timeshare interest or time share estate. The Trustee cannot resolve the objection to exemption until these documents are provided.

4. The Trustee's objection to an exemption claimed on Schedule C remains unresolved.  The Trustee believes there will be an impact on the return to unsecured creditors, if the objection is sustained. The Debtor needs to provide proof that the timeshare exempted is a timeshare estate, rather than a timeshare interest.

5. The plan is not feasible in that it is presently projected to require more than 60 months to make all payments required by the plan.

6. The Debtor(s)' amended plan lists the wrong tax years to be paid to the Trustee (should be 2021-2023 per original plan).

THEREFORE, the Trustee has an ongoing objection to the confirmation.

Dated: November 22, 2021         LAJ /S/
                                 LON A. JENKINS
                                 CHAPTER 13 TRUSTEE

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Continuing Objection to Confirmation was served upon all persons entitled to receive notice in this case via ECF Notification or by U.S. Mail to the following parties on November 22, 2021:

E. KENT WINWARD, ECF Notification

/s/ Stephanie Beals